**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 22-cv-01856-RM-GPG

REAL ESTATE ALTERNATIVES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

LANCE COLLINS, and any other unknown parties unlawfully residing at 1633 Alder Drive, Montrose, Colorado,

    Defendant.

---

**ORDER**

---

    Before the Court is Plaintiff's Motion for Remand (ECF No. 11), seeking an order remanding this forceable entry and detainer action to the County Court in and for Montrose County, Colorado, where it was initiated. Plaintiff did not respond to the Motion, and the time to do so has lapsed. Upon consideration of the Motion and the applicable rules, statutes, and case law, the Motion is granted.

    Jurisdiction is a threshold question that a federal court must address before reaching the merits of a case, and "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). In its Motion, Plaintiff contends that removal to this court was improper because (1) the notice of removal was untimely; (2) diversity is lacking; and (3) the federal "amount in controversy" is lacking. The Court finds each of these arguments has merit.

    First, Plaintiff has submitted an affidavit of service, indicating Defendant was served with

a complaint and summons on June 19, 2022.  (*See* ECF No. 11-3.)  Pursuant to 28 U.S.C. § 1446(b), any notice of removal was to be filed within thirty days of that date.  Although the notice of removal is dated July 15, 2022, the docket in this case indicates it was not filed until July 27, 2022.  In the absence of any argument or evidence to the contrary, the Court presumes the docket is correct and finds the notice untimely.[1]

Second, 28 U.S.C. § 1441(b)(2) prohibits removal based on diversity where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which action is brought."  Because the notice of removal states that Defendant is a resident of Colorado, and no evidence to the contrary has been presented, the Court agrees that removal is improper under this provision.

Third, the Complaint expressly states that Plaintiff's damages claim shall not exceed $25,000.  (ECF No. 1-1 at 5.)  Accordingly, in the absence of additional evidence, the "amount in controversy" requirement set forth in 28 U.S.C. § 1332 does not appear to be satisfied.

Therefore, the Court ORDERS that Plaintiff's Motion (ECF No. 11) is GRANTED, and, due to this Court's lack of subject-matter jurisdiction, this matter is remanded to the County Court in and for Montrose County, Colorado, where it was originally filed.

DATED this 2nd day of September, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] Because the Court agrees with Plaintiff's other arguments, it declines to address whether the absence of Defendant's signature on the notice renders the removal improper.